UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW H. FARRAR,

    Plaintiff,

        v.                                        Civil Action No. 19-846 (JEB)

JAMES F. BRIDENSTINE,

    Defendant.

MEMORANDUM OPINION

*Pro se* Plaintiff Andrew Farrar wants to have his cake and eat it, too. After prevailing at

the administrative level in a disability-based discrimination claim against his former employer,

the National Aeronautics and Space Administration, Farrar obtained a damages award that he has

retained. He nonetheless now sues NASA seeking additional damages and other relief on the

same underlying claim. NASA's current Motion to Dismiss correctly points out that he is

entitled to only the original remedy or to a new trial on liability and damages. As he has

expressed no desire to relinquish his first award, the Court will dismiss the suit.

I.       Background

The Court considers the facts set forth in the Complaint as true, particularly as

supplemented with undisputed documents referenced by Plaintiff and attached to Defendant's

Motion to Dismiss. See ECF No. 9 (Def. MTD), Atts. 2-4. Farrar's tenure at NASA

Headquarters was brief, lasting only from August 2010 to January 2011. See Compl., ¶ 5. He

alleges that Defendant "discriminated against [him] by refusing to accommodate [his] disability."

Id., ¶ 14. Such disability appears to be attention-deficit disorder, memory loss, and depression.

See ECF No. 9-2 (Final Agency Decision of Nov. 14, 2014) at 1. He "filed a timely formal

discrimination complaint on April 4, 2011." Compl., ¶ 15. At the conclusion of the

administrative process, NASA issued a 16-page opinion finding that Farrar had established

disability discrimination and failure to accommodate, but not retaliation. See 2014 FAD at 15.

The FAD also found him entitled to reinstatement to his position and compensatory damages to

be proved subsequently. Id. at 16. Although NASA offered to reinstate his employment,

Plaintiff believed that the salary was too low and thus refused. See Compl., ¶¶ 20-21.

On February 11, 2016, NASA issued its Final Agency Decision on damages and awarded

him $8,440.18 plus interest, restored leave, $3,000 in non-economic damages, and $1,375 in

attorney fees. See ECF No. 9-3 at 10-11. Plaintiff successfully appealed that ruling, and the

Equal Employment Opportunity Commission issued another 16-page opinion on September 21,

2018, in which it increased the non-economic damages to $25,000 and retained the other relief.

See ECF No. 9-4 at 13. Farrar nonetheless believes that "[t]he modicum of relief which has

trickled down to me has been inadequate to make me whole." Compl., ¶ 41.

In this suit, consequently, he seeks "placement into the position I would have occupied if

not for the unlawful conduct of Defendant," which means, *inter alia*, "employment or front pay"

and "[a]dditional compensation beyond the $25,000 previously paid to address the full exten[t]

of the losses caused by the unlawful conduct of Defendant." Id., ¶¶ 86-91. NASA now moves to

dismiss.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a

complaint fails to "state a claim upon which relief can be granted." Although "detailed factual

allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997). The Court "must treat the complaint's factual allegations as true and must grant [the] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citations omitted). It need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts set forth in the Complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Even at the Rule 12(b)(6) stage, a Court can review "documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted); see also Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1133 (D.C. Cir. 2015) ("A district court may consider a document that a complaint specifically references without converting the motion into one for summary judgment."). In this case, Farrar has referenced the three agency opinions discussed in the Background section above. See Compl., ¶¶ 18, 36, 39-40. The Court may therefore properly consider these items without converting Defendant's Motion into one for summary judgment.

Where the action is brought by a *pro se* plaintiff, the Court must construe her filings liberally and hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014).

**III.  Analysis**

Defendant spends no time in its Motion discussing the particulars of the alleged discrimination charges or its potential defenses thereto.  Its point is far simpler: where Farrar has accepted and retained damages awarded during the administrative process, he does not get another bite at the apple.  That is what the law says, too.  In teeing up this very question, the D.C. Circuit explained, "In this case, we must decide whether an employee who secures a final administrative disposition finding discrimination but who is dissatisfied with the remedy may challenge only the remedy in the federal court action." Scott v. Johanns, 409 F.3d 466, 468 (D.C. Cir. 2005).  In other words, "[m]ay a court review a final administrative disposition's remedial award without reviewing the disposition's underlying finding of liability?  According to Title VII's plain language, the answer is no." Id. at 469.  The court concluded: "Under Title VII, federal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying de novo both liability and remedy. They may not, however, seek de novo review of just the remedial award." Id. at 471-72.  As Farrar never mentions any desire or agreement to return the money he has received pending the outcome of this suit, he cannot proceed.

The Government acknowledges that this suit falls under the Rehabilitation Act rather than Title VII, see MTD at 3, but correctly cites 29 U.S.C. § 794a(1), which states that "[t]he

remedies, procedures, and rights set forth" under the latter apply to the former. This Court sees

no reason why the holding of Scott should not govern here.

Although this has no bearing on the outcome, the Court notes that the Government

believes that dismissal here should be predicated on Federal Rule of Civil Procedure 12(b)(1), as

certain district courts have previously held in similar cases. See MTD at 4 (citing cases). The

D.C. Circuit in Scott did not weigh in on whether dismissal should be jurisdictional or

substantive, but the Eleventh Circuit believes the latter is correct. See Jones v. Sec'y, Dep't of

Defense, 730 F. App'x. 885, 886 n.1 (11th Cir. 2018) ("Whether or not [plaintiff's return of an

EEOC award] might be a precondition [of the suit's moving forward], it is certainly not a matter

of the subject matter jurisdiction of the district court."). And, indeed, Defendant here agrees that

"to the extent Plaintiff is seeking de novo review of the remedial damages award only [which

may well be a proper characterization of his suit], the Complaint fails to state a claim upon which

relief may be granted and must be dismissed pursuant to Rule 12(b)(6)." MTD at 4 n.4. The

Court, accordingly, will dismiss under that standard.

## IV.    Conclusion

For the foregoing reasons, the Court will grant the Motion and dismiss the case without

prejudice. A separate Order consistent with this Opinion will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  October 3, 2019